824 F.2d 978
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Francis M. FIORILLO, Petitioner,
v.
DEPARTMENT OF JUSTICE, BUREAU OF PRISONS, Respondent.
 Appeal No. 86-780.
 United States Court of Appeals, Federal Circuit.
 May 11, 1987.
 
 Before NEWMAN, Circuit Judge, MILLER, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or board) sustaining the determination of the Department of Justice, Bureau of Prisons (agency), to remove petitioner Fiorillo from his position as Correctional Officer is affirmed.
 
 OPINION
 
 2
 Petitioner was employed by the Department of Justice as a Correctional Officer at the Terminal Island Correctional Institution in California.[1] The agency removed petitioner based on the following five charges: (1) refusing to cooperate during an official investigation; (2) having improper relationships with inmates; (3) impeding or interfering with an investigation; (4) failing to follow written instructions; (5) taking actions potentially affecting the security of the institution.
 
 
 3
 In his initial decision, the presiding official sustained the agency's action, finding with respect to charge (1) undisputed evidence of petitioner's refusals to answer questions in connection with an administrative investigation, and with respect to charges (2) through (5) that the evidence produced by the agency was more credible than the denials of the petitioner. Petitioner's appeal of the initial decision to the full board was denied.
 
 
 4
 This court's scope of review of the board's decision is limited by statute and it must be affirmed unless it is:
 
 
 5
 (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
 
 
 6
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 7
 (3) unsupported by substantial evidence....
 
 
 8
 5 U.S.C. Sec. 7703(c); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1982). The court may not overturn a decision of the MSPB so long as it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brewer v. United States Postal Service, 647 F.2d 1093, 1096 (Ct.Cl.1981), (quoting Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 229 (1938)). The question is not what the court would rule on a de novo appraisal of the evidence, but whether the administrative determination is supported by substantial evidence on the record as a whole. Id. at 1096.
 
 
 9
 Petitioner contends that the agency failed to meet its burden of proof to sustain the charges against him. However, his principal argument as to charge (1) is that, although he refused to answer questions during the investigation, he should have been allowed to have a lawyer present at the interview. In raising this contention before the presiding official, petitioner relied on the Master Agreement between the Federal Prison System and the American Federation of Government Employees. The presiding official found that it provided only for a designated union representative to be present in an administrative investigation, whereas in other types of proceedings the presence of legal counsel was authorized. The presiding official also noted that petitioner was informed that his answers to questions would not be used in a criminal proceeding and was repeatedly advised that he was entitled to have a union representative present under the agency's rules and the Master Agreement.
 
 
 10
 In this appeal petitioner also argues that 5 U.S.C. Sec. 7114(a)(5) entitled him to legal representation during the investigative interview. The government contends that this issue was not raised below and therefore cannot be raised here on appeal. See Meglia v. Merit Systems Protection Board, 758 F.2d 1576, 1577 (Fed.Cir.1984) (where petitioner fails to frame an issue before the presiding official and belatedly attempts to raise the same issue before the full board, and the full board denies review of the initial decision, petitioner will not be heard for the first time on that issue in the Federal Circuit); Lizut v. Department of the Army, 717 F.2d 1391, 1395-96 (Fed.Cir.1983). In any event, the agency urges that this subsection provides only that an employee is not precluded from being represented by an attorney, other than the union representative, in a grievance or appeal action or in exercising grievance or appellate rights. 5 U.S.C. Sec. 7114(a)(5). We are convinced that the presiding official properly interpreted and applied the Master Agreement and that petitioner's reliance on 5 U.S.C. Sec. 7114(a)(5), even if timely raised, is unavailing in the context of an administrative investigation. Since petitioner admittedly refused to answer questions in the investigation, the presiding official properly sustained charge (1).
 
 
 11
 With respect to remaining charges (2) through (5), the presiding official made credibility determinations choosing to believe the testimony of the agency's witnesses over that of the petitioner. The credibility determination of a witness is within the discretion of the presiding official. Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed.Cir.1985) (citing Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985)). This court will not disturb the presiding official's evaluation of credibility, unless the testimony is "inherently improbable or discredited by undisputed evidence or physical fact." Id. at 1284 (quoting D. Hurore-Freimuth Corp. v. United States, 390 F.2d 664, 685, 192 Ct.Cl. 507, 540 (1968)). We do not find the testimony accepted by the presiding official inherently improbable or discredited by other undisputed evidence.
 
 
 12
 Petitioner argues in this appeal that his removal was in reprisal for his testimony in a district court action brought by the government against another employee. Because this allegation was not presented to the presiding official, it cannot be considered by this court. Meglio, 758 F.2d at 1577; Lizut, 717 F.2d at 1395-96.
 
 
 13
 Finally, petitioner contends that the board erred in refusing to consider "new evidence" obtained after the hearing record was closed. This evidence was presented to the full board in connection with the petitioner's petition for review of the presiding official's decision. In its order denying the petition for review, the board cited "Russo v. Veterans Administration, 3 MSPB 427 (1980) (new evidence is not material unless it is of sufficient weight to warrant a different outcome)" as one of the bases for denying review. We must assume, therefore, that the board did in fact consider the alleged new evidence and did not find it of sufficient weight to warrant a different result. We have been provided no basis on appeal for overturning the board's determination.
 
 
 14
 In view of the foregoing, the decision of the MSPB is affirmed.
 
 
 15
 NEWMAN, Circuit Judge, dissenting.
 
 
 16
 I respectfully dissent from this conclusion to the saga of Mr. Fiorillo, whose concern for his public responsibility shines through this record, as does the vigor with which he has been, finally, defeated.
 
 
 17
 The refusal to permit Mr. Fiorillo to have a lawyer in place of a labor organization representative, as his "designated representative" at the interrogation that led to this adverse action, was not only a misapplication of the statute*; it was inappropriate as a matter of fundamental right, and tainted by the aura of reprisal that permeates this action.
 
 
 
 [1]
 Petitioner's earlier demotion and suspension by the agency was the subject of an appeal to this court in Fiorillo v. Department of Justice, 795 F.2d 1544 (Fed.Cir.1986). He also filed a civil complaint against the agency alleging improprieties on the part of the supervisory staff at Terminal Island, which was dismissed. See Fiorillo v. U.S. Bureau of Prisons, No. CV 83-2612R (C.D.Calif., September 14, 1984)
 
 
 *
 5 U.S.C. Sec. 7114(a)(5): The rights of an exclusive [labor organization] representative under the provisions of this subsection shall not be construed to preclude an employee from--(A) being represented by an attorney or other representative, other than the exclusive representative, of the employee's own choosing in any grievance or appeal action; or (B) exercising grievance or appellate rights established by law, rule, or regulation; except in the case of grievance or appeal procedures negotiated under this chapter