Anthony MEGLIO, Petitioner,

v.

**MERIT SYSTEMS PROTECTION
BOARD, Respondent.**

**Appeal No. 84–1149.**

United States Court of Appeals,
Federal Circuit.

Oct. 10, 1984 *.

Anthony Meglio, Philadelphia, submitted pro se.

Evangeline W. Swift, Gen. Counsel, Alan F. Greenwald, Deputy Gen. Counsel and Mary L. Jennings, Associate Gen. Counsel for Litigation, Merit Systems Protection Bd., Washington, D.C., submitted for respondent.

Before BENNETT, MILLER and SMITH, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

The final decision of the Merit Systems Protection Board (board), 19 M.S.P.R. 643 (1984), denying petitioner Anthony Meglio's (Meglio) petition for review of a board initial decision dismissing Meglio's appeals for lack of jurisdiction, is affirmed.

*Issues*

Meglio raises three issues before this court, all concerning the presiding official's

---

* The court substitutes this opinion for publication in place of its previously unpublished opinion, without any change in its holding or in the reasoning utilized.

dismissal of this case for lack of jurisdiction. We discuss the most substantive of these issues first and then touch upon the other two, mentioning salient facts where necessary.

### Opinion

Meglio's strongest contention before this court is that the board presiding official, in her initial decision of July 13, 1983, erred in dismissing Meglio's appeals concerning two within-grade salary denials by Meglio's employing agency, the Veterans' Administration (VA). Meglio's assertion that the board did indeed possess jurisdiction to review these denials is based on the March 21, 1977, negotiated agreement between the VA Center in Philadelphia, Pennsylvania, and the local union to which Meglio belonged. Article XXIV, section 2 of that agreement provides for a grievance procedure for employees, not including "matters for which a statutory appeals procedure exists." Under 5 U.S.C. § 5335(c) (1982) such statutory appeal procedure to the board, when an agency has both denied an employee a within-grade increase and reconsidered and affirmed that denial, does exist. By contrast, a later negotiated agreement between the VA and the union, executed on August 13, 1982, provides that the grievance procedure is the *exclusive* procedure for resolving grievances (article 13, section 1), with exceptions not covering within-grade denials.

The VA first notified Meglio that his within-grade salary increase was being denied in May 1982 and in September 1982 reconsidered and affirmed that denial. In July 1982 the VA issued a second denial of the within-grade and again reconsidered and affirmed the denial in November 1982. Hence Meglio's contention that both within-grade denials, having occurred *before* the effective date of the August 1982 agreement, are appealable by statute to the board is not unreasonable. · On the other hand, the board's position that these deni-

als do not become appealable until reconsidered and affirmed, as occurred in Meglio's case *after* August 1982, may be the more proper on the face of the statute. Section 5335(c).

▇▇▇ We need not determine on the merits which of the above two positions is correct, however, because the record shows that Meglio did indeed fail to raise this problem before the board presiding official, when Meglio was ordered to show cause why the board had jurisdiction. At that time the VA clearly contended, in a letter of March 25, 1983, that the August 1982 agreement applied to Meglio's denials, thus precluding a board appeal. Meglio in his response to the show cause order did not clearly contest this by referring to the earlier March 1977 agreement. Since this argument and the 1977 agreement were not before the presiding official, she found that Meglio failed to meet his burden of proof in response to the show cause order, and the full board denied Meglio's petition for further review of the matter. 5 C.F.R. § 1201.115 (1983). Under our standard of review of the board's final decision—whether it is arbitrary or capricious, not in accordance with law, or unsupported by substantial evidence on the record, 5 U.S.C. § 7703(c) (1982)—we must affirm that decision, which the board issued in accordance with its valid regulations. It is unfortunate that the appellate procedure in these cases can at times appear so complex, but the board has promulgated its regulations in accordance with the law and Congress' desire to streamline and prevent duplicative efforts in processing employee complaints. Where petitioner fails to frame an issue before the presiding official and belatedly attempts to raise that same issue before the full board, and the board properly denies review of the initial decision, petitioner will not be heard for the first time on that issue in the Federal Circuit.[1] Meglio in effect waived his right to contest the VA's

---

1. *See also Lizut v. Department of the Army,* 717 F.2d 1391 (Fed.Cir.1983); *James v. Federal Energy Regulatory Commission,* 747 F.2d 1581 (Fed. Cir.1984), as modified by order, Feb. 8, 1985, both of which have been decided by this court subsequent to our previous unpublished opinion herein.

clearly stated position. It is too late to argue it before this court.

Meglio also contends that the board erred in denying his petition to review the presiding official's dismissal, for lack of jurisdiction, of the VA's suspension of Meglio for 5 days and its placing him in absence-without-leave (AWOL) status several times. In this contention Meglio clearly errs, while the board is correct, because the statute disallows appeals concerning suspensions of 14 days or less (5 U.S.C. § 7512 (1982)). Placement of an employee in AWOL status likewise is not appealable. *Rose v. Department of Health & Human Services*, 721 F.2d 355 (Fed.Cir.1983).

Finally, Meglio's claims of prohibited personnel practices and abusive agency conduct are not appealable either, as the presiding official has held, for lack of board statutory authority over the underlying actions. Contrary to Meglio's assertions, the presiding official did consider Meglio's complaint that the VA failed to act on his grievances. However, this alleged failure cannot broaden the board's limited, statutory jurisdiction, as the presiding official correctly analyzed. *See, e.g.,* 5 U.S.C. § 712i and *Rosano v. Department of the Navy*, 699 F.2d 1315, 1318 (Fed.Cir. 1983).

The board's final decision is affirmed.

AFFIRMED.