837 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
D'Jean P. REED, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 87-3361.
 United States Court of Appeals, Federal Circuit.
 Dec. 17, 1987.
 
 Before BISSELL, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the Merit Systems Protection Board (Board), No. SF08318610629 (MSPB Feb. 11, 1987), affirming the initial decision, which upheld the Office of Personnel Management's (OPM) decision on reconsideration, is affirmed. The OPM decision denied petitioner's request to have a backpay award, received under a settlement agreement, included in her average pay for retirement annuity calculation purposes.
 
 OPINION
 
 2
 Petitioner first argues that the Board erred in holding that OPM correctly calculated her retirement annuity based on a GS-11, rather than a GS-12 salary. A careful review of the settlement agreement demonstrates that this argument is without merit. The terms of the agreement simply do not provide for petitioner's retroactive promotion to the GS-12 grade level. Moreover, substantial evidence supports the Board's conclusion that it was never the agency's intent that she receive a retroactive promotion and, therefore, that the monies she received pursuant to the settlement of her discrimination complaint were not "basic pay."
 
 
 3
 The board correctly held that under the applicable statutes, an annuitant's retirement is calculated on the basis of the employee's basic pay. "Basic pay," as defined in 5 U.S.C. Secs. 8331(3) and 8339(a0, does not include "bonuses, allowances, overtime pay, military pay, [or] pay given in addition to the base pay of the position as fixed by law or regulation...." Therefore, petitioner's back pay award was properly excluded in calculating her retirement annuity.
 
 
 4
 Petitioner next argues that "the root cause for the major dispute [is that] the Agreement signed by Mr. McFee does not contain the same language that Petitioner agreed to originally." Additionally, petitioner requests this court to "change the effective date of her retirement which would enable her to complete thirty-one years of credible service." However, our study of the record shows that these issues were not raised before the OPM either initially or upon reconsideration. The Board correctly held, therefore, that "[s]ince OPM's reconsideration decision concerned only the issue of the inclusion of the backpay award received under the settlement agreement in appellant's salary for retirement annuity calculation purposes, the Board has no jurisdiction to consider the additional claims raised on petition for appeal." Reed v. Office of Personnel Management, No. SF08318610629, at 6 (MSPB Feb. 11, 1987) (citation omitted). The Board's holding is supported by its decision in Autrey v. Office of Personnel Management, 27 M.S.P.B. 130, 132 (1985). Cf. Meglio v. Merit Sys. Protection Bd., 758 F.2d 1576, 1577 (Fed.Cir.1984).