846 F.2d 78
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lawrence TINSLEY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 87-3593.
 United States Court of Appeals, Federal Circuit.
 March 28, 1988.
 
 Before EDWARD S. SMITH, BISSELL and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or board), Docket No. NY831L8710186, sustaining petitioner's denial of disability retirement is affirmed.
 
 OPINION
 
 2
 This court's scope of review of an MSPB decision regarding disability retirement is limited to whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative process.' " Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985) (quoting Scroggins v. United States, 397 F.2d 295, 297 (Ct.Cl.), cert. denied, 393 U.S. 952 (1968)). The factual underpinnings of a disability retirement determination are not reviewable by this court. Id.
 
 
 3
 The board held that petitioner failed to establish that he was disabled as defined in 5 U.S.C. Sec. 8337(a) (Supp. IV 1986), which requires that he show by a preponderance of the evidence that he is unable "to render useful and efficient service." Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986) In reviewing the medical evidence presented by petitioner, the board stated that it did not contain "objective clinical findings" and did not show "that [petitioner] is unable to perform his job duties."
 
 
 4
 Petitioner contends that he did not present such evidence of his physical condition because "the doctors who were treating ... [him] at the Veterans' Administration refused to fill out any forms." In this case it is undisputed that the Veterans Administration Medical Center, Brooklyn, New York, provided petitioner with a copy of his medical records. Because it is petitioner's burden to obtain the requisite medical opinions, Cheeseman v. Office of Personnel Management, 791 F.2d at 141, and since the board fully considered all of the medical evidence presented to it, we conclude there has been no departure from important procedural rights or like error going to the heart of the administrative process. Lindahl v. Office of Personnel Management, 470 U.S. at 791.
 
 
 5
 Finally, we note that petitioner has submitted evidence to this court which was not presented to the MSPB. Because it was not available to the board, we will not considered it on appeal. Meglio v. Merit Systems Protection Board, 758 F.2d 1576, 1577 (Fed.Cir.1984); Lizut v. Department of the Army, 717 F.2d 1391, 1395-96 (Fed.Cir.1983). However, Tinsley may request that the board reopen the record notwithstanding our opinion on appeal if he believes that new and material evidence has arisen. 5 C.F.R. Sec. 1201.117 (1987).