864 F.2d 149
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Keith T. JOHNSON, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 88-3187.
 United States Court of Appeals, Federal Circuit.
 Nov. 17, 1988.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Keith T. Johnson (Johnson) appeals the final decision of the Merit Systems Protection Board (MSPB), Docket No. DA07528610118REM, sustaining his removal by the Department of Justice's Federal Bureau of Prisons from his position as a Cook Foreman at the Federal Correctional Institution in El Reno, Oklahoma. We affirm.
 
 OPINION
 
 2
 The MSPB sustained Mr. Johnson's removal for refusing to submit to a strip search by prison officials. He has not met his burden of showing the MSPB's decision to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 3
 In his appeal to this Court, Mr. Johnson for the first time raises an issue which was not argued to the administrative judge. He contends that the search he refused to undergo would have involved searches of his body cavities, without a search warrant and in violation of his Fourth Amendment rights.
 
 
 4
 The administrative judge found that the agency where Mr. Johnson was employed had received information from several independent sources implicating Mr. Johnson in the smuggling of drugs to inmates. In addition, the administrative judge found that the agency had received specific information from a reliable source that Mr. Johnson would be carrying drugs into the prison on the day the search was ordered. These findings, which are supported by substantial evidence, provide a reasonable basis for the prison officials' suspicion that Mr. Johnson would be carrying drugs into the prison on the day the search was ordered. It is well-settled that a reasonable suspicion by prison officials is sufficient to justify the ordering of a strip search without a search warrant. See Security and Law Enforcement Employees, District Counsel 82 v. Carey, 737 F.2d 187, 191 (2d Cir.1984); Hunter v. Auger, 672 F.2d 668, 674 (8th Cir.1982).
 
 
 5
 The record in the proceedings below shows that the agency, Mr. Johnson and the administrative judge referred to the search as a strip search. Mr. Johnson never challenged the validity of the search on the ground that it would have involved a search of his body cavities. At the beginning of his decision, the administrative judge stated that the sole basis for the adverse action was Mr. Johnson's refusal to submit to a strip search.
 
 
 6
 Since he failed to raise the issue before the administrative judge, he is not entitled to be heard for the first time on that issue in this court. Meglio v. Merit Sys. Protection Bd., 758 F.2d 1576, 1577 (Fed.Cir.1984).