909 F.2d 1496
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dionisio L. DALAO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3220.
 United States Court of Appeals, Federal Circuit.
 July 18, 1990.
 
 Before ARCHER, PLAGER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 This is an appeal from a decision of the Merit Systems Protection Board (MSPB), No. SE08318910545 (Jan. 22 1990), denying Dionisio L. Dalao's petition for review of, and making final, the Initial Decision of the Administrative Judge, dated August 26, 1989, which held that petitioner has not earned the required civil service retirement credit to entitle him to a retirement annuity. We affirm.
 
 OPINION
 
 2
 Throughout the course of proceedings before the Office of Personnel Management and the Administrative Judge of the MSPB, petitioner claimed that he was entitled to a retirement annuity based on his years of service with the Merchant Marine. To the extent petitioner bases his claim on his Merchant Marine service, we agree with the opinion of the Administrative Judge that, because of the express terms of 5 U.S.C. Sec. 8333(a), (b), petitioner is not entitled to a retirement annuity therefor.
 
 
 3
 In his petition for administrative review before the full MSPB, petitioner asserted for the first time that his service was in the United States Coast Guard, not the Merchant Marine. The MSPB denied the petition for review on the ground that it did not meet the criteria for review set forth in 5 C.F.R. Sec. 1201.115, which in pertinent part provides:
 
 
 4
 (c) The Board ... may grant a petition for review when it is established that:
 
 
 5
 (1) New and material evidence is available that, despite due diligence, was not available when the record closed;
 
 
 6
 (Emphasis added).
 
 
 7
 The full board correctly declined to consider this evidence. Petitioner did not raise the issue of Coast Guard service before the administrative judge. " 'Where petitioner fails to frame an issue before the presiding official and belatedly attempts to raise that same issue before the full board, and the board properly denies review of the initial decision, petitioner will not be heard for the first time on that issue in the Federal Circuit.' " Wallace v. Department of the Air Force, 879 F.2d 829, 832 (Fed.Cir.1989) (quoting Meglio v. Merit Sys. Prot. Bd., 758 F.2d 1576, 1577 (Fed.Cir.1985).[1]
 
 
 
 [1]
 We note also that petitioner has not contended, nor could we reasonably conclude, that the Certificates of Discharge, which petitioner argues support his claim, were unavailable when the record closed. See 5 C.F.R. Sec. 1201.115(c)(1). The Certificates of Discharge, although based on a Coast Guard form, on their face relate to service on merchant ships, and thus if anything, substantiate that petitioner was in the Merchant Marine, not the Coast Guard. The full board correctly declined to consider this evidence