949 F.2d 402
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jorge M. SAVINOVICH, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3228.
 United States Court of Appeals, Federal Circuit.
 Oct. 1, 1991.
 
 Before NIES, Chief Judge, and MICHEL and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Jorge Savinovich appeals the initial decision of the administrative judge (AJ) (No. NY315H9010364, Sep. 25, 1990) denying review of his dismissal from the position of Naval police officer, due to lack of jurisdiction. This decision became final when the Merit Systems Protection Board (Board) denied review on Feb. 13, 1991, because the petition did not meet the requirements of 5 C.F.R. § 1201.115. We affirm.
 
 DISCUSSION
 
 2
 We review a decision of the Board to determine if it is arbitrary, capricious, an abuse of discretion, procedurally defective or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 3
 Savinovich filed a petition for review of his removal on June 4, 1990. The AJ twice ordered Savinovich to produce evidence showing that he was a permanent employee at the time of his dismissal, but Savinovich never responded to these requests. He now argues that he was a permanent employee at the time of his dismissal, since his temporary status was to last only until his files were received from his former employer, the U.S. Postal Service. Because Savinovich makes this argument for the first time on appeal, he can not raise it here. Meglio v. Merit Systems Protection Board, 758 F.2d 1576, 1577 (Fed.Cir.1984). Further, we find substantial evidence in the record to support the Board's conclusion that he was a temporary employee.
 
 
 4
 The AJ found Savinovich to have been serving under a temporary appointment for less than a year and therefore not to have been an "employee" within the meaning of 5 U.S.C. § 7511(a)(1)(A) (1988). Consequently, the AJ dismissed the case for lack of jurisdiction. Substantial evidence supports the AJ's finding. Temporary appointments are to be for less than one year. 5 C.F.R. § 316.401. The Notification of Personnel Action clearly indicates that Savinovich's appointment was not to extend past October 29, 1990, less than one year from its initial date. We therefore affirm the Board's decision.
 
 
 5
 Finally, we note Savinovich's argument that he was dismissed for "whistleblowing." In order to pursue a claim of this nature, Savinovich must follow the procedures prescribed in 5 C.F.R. § 1209. Specifically, he must first seek corrective action through the Special Counsel, 5 C.F.R. § 1209.6, an action he has not yet taken.