980 F.2d 744
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David L. HAMMETT, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3199.
 United States Court of Appeals, Federal Circuit.
 Oct. 19, 1992.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Mr. Hammett appeals from a decision of the Merit Systems Protection Board, No. AT34439110775, which upheld the initial decision of the Administrative Judge (AJ), who dismissed the appeal for lack of jurisdiction. Mr. Hammett, who had received a term appointment, was terminated at the expiration of the appointment. The AJ held that there was no right of appeal from the termination. We affirm the Board's decision.
 
 DISCUSSION
 
 2
 Mr. Hammett had been employed as a WG 10 aircraft mechanic with the Department of the Army at Fort Rucker, Alabama. By a Notification of Personnel Action, effective June 14, 1987, his appointment was converted to a term appointment in GS 9 at a salary of $29,199, to work on a special project. The notification stated that he had been previously employed in GS 14, Step 2, at a salary of $39,133. The temporary appointment was to expire on June 13, 1989, but it was extended for two more years. At the expiration of the extension, his appointment ended and he was terminated.
 
 
 3
 In his petition for appeal to the MSPB, Mr. Hammett stated that the action he wished to appeal was "Termination of Term Appointment--Failure to return employee to prior career permanent position or comparable position." Respondent's Appendix at 15. In the same document, he described the action which he would like for the board to take as follows: "Reinstatement [sic] employee to the permanent position held before the Term appointment or to another position of equivalent grade and pay with all back pay and benefits." Id. at 16.
 
 
 4
 Mr. Hammett was advised by the AJ that since it did not appear that the Board had jurisdiction, he should submit argument or evidence on the issue of jurisdiction. He did not respond to that request. The AJ correctly held that the termination of a term appointment at its scheduled expiration date is not an adverse action within the Board's jurisdiction. Deans v. Department of Labor, 15 M.S.P.R. 326, 328 (1983). See also, Cowan v. United States, 710 F.2d 801, 805 (Fed.Cir.1983).
 
 
 5
 In his petition to the Board for review of the AJ's decision, Mr. Hammett, for the first time, contended that his term appointment was a "term promotion" and that under the regulations, the agency was required to return him to his former position at the end of the "term promotion." This court has held that where a petitioner fails to raise an issue before the AJ and belatedly attempts to raise the same issue before the full Board, the court will not consider the contention on appeal to the court. See Meglio v. Merit Sys. Protection Bd., 758 F.2d 1576, 1577 (Fed.Cir.1984). However, because Mr. Hammett is appearing pro se, we have nevertheless considered his argument and reject it on the ground that he has failed to establish that he received a term promotion. The record, including his own statements in his petition for appeal to the MSPB, clearly show that the personnel action taken in his case was a term appointment and not a promotion. Therefore, the decision of the Board must be affirmed.