989 F.2d 1203
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Levi ROSS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3484.
 United States Court of Appeals, Federal Circuit.
 Feb. 12, 1993.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner Levi Ross (Ross) seeks judicial review of the February 28, 1992 decision of the Administrative Judge (AJ), Docket No. PH315H920221-I-1, dismissing Ross' appeal for lack of jurisdiction. Upon denial of review on June 2, 1992, that decision became the final decision of the Merit Systems Protection Board (MSPB or Board). 5 C.F.R. § 1201.113(b). At issue was Ross' removal during his probationary period. We affirm.
 
 DISCUSSION
 
 2
 Ross was appointed on June 16, 1991 as Economic Assistant, GS-5, by the Department of Labor. That appointment was subject to a one-year probationary period. On January 24, 1992--during the probationary period--Ross was removed from that position. The removal was based upon Ross' poor performance. Ross alleges that his poor performance was due in part to his supervisor's ineffectual training and in part to stress caused by the death of his parents.
 
 
 3
 As the AJ correctly noted, the MSPB has only limited jurisdiction over appeals filed by probationary employees such as Ross. Further, the AJ correctly placed the burden of proving jurisdiction on Ross, the probationary employee seeking review. Thus the AJ properly issued an Acknowledgement Order requesting that Ross provide information to establish that the Board had jurisdiction to hear the appeal.
 
 
 4
 In response to the AJ's Order, Ross indicated that he based his appeal "on the fact that the Department of Labor does not subscribe to the federal guidelines for Affirmative Action." Ross also mentioned tangentially that his removal was "in retribution to pointing out some of the inefficiencies and wasteful practices of the agency." Based on this response, the AJ concluded that the Board lacked jurisdiction, and dismissed the appeal.
 
 
 5
 Ross filed a petition for review with the full Board. In that petition, Ross alleged for the first time that the Board had jurisdiction over his appeal because he had been dismissed for pre-appointment reasons without the benefit of the procedures described in 5 C.F.R. § 315.805. While that allegation facially provides a basis for MSPB jurisdiction, it was raised for the first time before the full Board. Accordingly, the Board denied review. Nor may this court consider this belated jurisdictional argument. Meglio v. Merit Sys. Protection Bd., 758 F.2d 1576, 1577 (Fed.Cir.1984).
 
 
 6
 Our review of the propriety of the Board's dismissal for lack of jurisdiction is limited, then, to what was before the AJ. Ross did not allege that he was dismissed on the basis of partisan political reasons or marital status. 5 C.F.R. § 315.806(b) (1992). Nor did Ross allege that the "retaliation" which he supposedly suffered gave the Board jurisdiction over his appeal under the provisions of the Whistleblower Protection Act, 5 U.S.C. § 1221 (Supp. III 1991). Nor did Ross then allege that his dismissal had been for pre-appointment reasons. Ross' jurisdictional argument was limited to his charge that the Department of Labor had dismissed him for reasons associated with racial discrimination. However, the regulations do not provide the MSPB with jurisdiction over such removals of probationary employees.
 
 
 7
 The legal standard by which the Federal Circuit reviews decisions of the MSPB is that the decision must be affirmed unless it is found to be:
 
 
 8
 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 9
 2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 10
 3) unsupported by substantial evidence.
 
 
 11
 See 5 U.S.C. § 7703. In accordance with this circumscribed standard of review and in light of Ross' failure to provide the AJ with information establishing MSPB jurisdiction, we affirm.
 
 
 12
 No costs.