5 F.3d 1502
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Lori M. CROSKEY, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5069.
 United States Court of Appeals, Federal Circuit.
 July 9, 1993.
 
 Before RICH, RADER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lori M. Croskey appeals from the judgment of the United States Court of Federal Claims[1] granting the government's motion to dismiss for lack of subject matter jurisdiction. We affirm.
 
 
 2
 Ms. Croskey was separated from her position as a probationary employee with the Department of the Army on May 28, 1982. On October 9, 1990, she filed a complaint in the court below seeking money damages for wrongful termination and for travel expenses incurred during her employment. After being twice amended, Ms. Croskey's complaint sought money damages under the Tucker Act, 28 U.S.C. Sec. 1491; the Back Pay Act, 5 U.S.C. Sec. 5596; the False Claims Act, 28 U.S.C. Sec. 2514; unspecified travel regulations; the First Amendment; and the Due Process Clause of the Fifth Amendment.
 
 
 3
 On November 20, 1992, the court granted the government's motion to dismiss the second amended complaint for lack of subject matter jurisdiction and because the claim was time-barred. After her motion for reconsideration was denied, Ms. Croskey timely appealed to this Court.
 
 
 4
 We affirm the judgment of the Court of Federal Claims and adopt, as the basis for our decision, the November 20, 1992 order of that court granting the government's motion to dismiss.[2]
 
 
 
 [1]
 Croskey v. United States, No. 90-3841C (Fed.Cl. filed Nov. 20, 1992)
 
 
 [2]
 Ms. Croskey also argues that the court below had jurisdiction over her claim under a "contract" theory. Because this argument was first made on appeal, we may not properly reach it. Meglio v. Merit Sys. Protection Bd., 758 F.2d 1576, 1577 (Fed.Cir.1985); William F. Klingensmith, Inc. v. United States, 731 F.2d 805, 807 (Fed.Cir.1984)