17 F.3d 1444
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Larry S. JONES, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3509.
 United States Court of Appeals, Federal Circuit.
 Jan. 27, 1994.
 
 Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Larry S. Jones petitions for review of the decision of the Merit Systems Protection Board (Board) in Docket No. CH-0752-92-0433-B-1, dismissing his appeal for lack of jurisdiction. The March 12, 1993 initial decision of the Administrative Judge (AJ) became the final appealable decision of the Board on July 9, 1993, when the Board denied review of the AJ's decision. We affirm.
 
 DISCUSSION
 
 2
 On March 30, 1992, the United States Postal Service (agency) indefinitely suspended Mr. Jones and placed him on off-duty status. The suspension notice informed Mr. Jones that the suspension would continue until he was otherwise notified. On April 1, 1992, the agency issued a "Return to Work Notice" ordering Mr. Jones to report back to work on April 7, 1992, sending it to him by certified and first-class mail. When he failed to report to work as ordered, the agency issued Mr. Jones a "Notice of Due Process," dated April 10, 1992, informing him that he was being charged with absence without leave (AWOL).
 
 
 3
 Mr. Jones filed an appeal with the Board on April 21, 1992, in which he sought to challenge the agency's suspension action. On July 1, 1992, the AJ dismissed the appeal on the ground that the Board lacked jurisdiction because Mr. Jones was appealing a suspension not exceeding fourteen days.[1] Mr. Jones petitioned the full Board for review. The Board granted the petition for review on November 9, 1992, vacated the AJ's initial decision, and remanded the appeal for a hearing on the jurisdictional issue.
 
 
 4
 On remand, after a hearing, the AJ again dismissed the appeal for lack of jurisdiction. In seeking to establish Board jurisdiction over his appeal, Mr. Jones claimed that he did not receive the "Return to Work Notice" until April 15, 1992, because he was out of town from April 3, 1992, to April 15, 1992. Thus, Mr. Jones claimed that the suspension exceeded fourteen days. The AJ found that although the certified mail notice was returned undelivered, the first-class mail notice was not returned. The AJ also found that the agency had acted reasonably in sending the "Return to Work Notice" by mail and that because of his suspended status, Mr. Jones had failed to exercise ordinary prudence when he left town and neither told the agency how to reach him nor arranged to have his mail monitored. Because of the presumption that mail delivery occurs within five days of mailing, see 5 C.F.R. Sec. 1201.4(1) (1993), the AJ presumed that the "Return to Work Notice" ordering Mr. Jones to report to work by April 7, 1992, was delivered to Mr. Jones's residence no later than April 6, 1992. Therefore, the AJ determined, the indefinite suspension ended on April 7, 1992, less than fourteen days after it began. Accordingly, the AJ concluded that the Board lacked jurisdiction over Mr. Jones's appeal because the suspension did not exceed fourteen days.
 
 
 5
 We must affirm a decision of the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 6
 We agree with the AJ that the agency acted reasonably in sending the "Return to Work Notice" by mail and that Mr. Jones failed to exercise ordinary prudence under the circumstances. In addition, substantial evidence (the first-class letter not returned undelivered) supports the conclusion that the agency's notice reached Mr. Jones's residence. As a result, we find no error in the AJ's conclusion that Mr. Jones was suspended for less than fourteen days.
 
 
 7
 Finally, Mr. Jones also contends that the AJ failed to consider Section 7 of the Collective Bargaining Agreement between the agency and the American Postal Workers Union, AFL-CIO. The contention is without merit.
 
 
 8
 Section 7 of the Collective Bargaining Agreement states as follows:
 
 
 9
 An employee may be immediately placed on an off-duty status (without pay) by the Employer, but remain on the rolls where the allegation involves intoxication (use of drugs or alcohol), pilferage, or failure to observe safety rules and regulations, or in cases where retaining the employee on duty may result in damage to U.S. Postal Service property, loss of mail or funds, or where the employee may be injurious to self or others. The employee shall remain on the rolls (non-pay status) until disposition of the case has been had. If it is proposed to suspend such an employee for more than thirty (30) days or discharge the employee, the emergency action taken under this Section may be made the subject of a separate grievance.
 
 
 10
 The suspension notice informed Mr. Jones that the suspension would continue until he was otherwise notified, but he was not suspended for more than thirty days. Thus, there was no reason for the AJ to consider the Collective Bargaining Agreement because it did not affect the issue of the Board's jurisdiction.
 
 
 
 [1]
 The Board lacks jurisdiction over an appeal of a suspension not exceeding fourteen days. See 5 U.S.C. Sec. 7512 (1988); Meglio v. Merit Sys. Protection Bd., 758 F.2d 1576, 1578 (Fed.Cir.1984)