42 F.3d 1410
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eddie POOLE, Jr., Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 94-3363.
 United States Court of Appeals, Federal Circuit.
 Nov. 29, 1994.
 
 Before RICH, NIES, and NEWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eddie Poole, Jr. petitions for review of the decision of the Merit System Protection Board (MSPB or Board), Docket No. AT-0752-94-0181-I-1, holding that Poole had no right to appeal his removal under the provisions of a "last-chance" settlement agreement. We affirm.
 
 BACKGROUND
 
 2
 The Postal Service ("agency") first proposed Poole's removal on July 8, 1993, for unsatisfactory attendance. The parties settled his grievance proceeding by reducing the penalty to a suspension. As part of the settlement, Poole entered into a "last-chance" agreement which required Poole to maintain a satisfactory attendance record with no more than three unscheduled absences in a floating 90-day period. Additionally, under the "last-chance" agreement, Poole waived his right to appeal if he later was removed for violating the agreement.
 
 
 3
 On November 9, 1993, the agency issued a written notice of removal because Poole had taken four unscheduled absences within a 90-day period. The agency removed Poole on November 16, 1993.
 
 
 4
 In an initial decision before the MSPB, the AJ found that the agency did not enter the agreement in bad faith. The AJ further found that any misunderstanding with respect to the "last-chance" agreement that may have arisen derived not from the agency but from Poole's own representative. Lacking jurisdiction due to the "last-chance" agreement, the AJ dismissed the appeal. The full Board sustained the AJ's decision.
 
 DISCUSSION
 
 5
 This court reviews the Board's decision under a narrow standard. We must affirm a decision of the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.C.S. Sec. 7703(c) (1988).
 
 
 6
 We affirm based on the reasoning contained in the Board's decision. We also reject Poole's additional arguments presented on appeal.
 
 
 7
 Poole does not argue that he did not breach the settlement agreement. Rather he argues that he was denied due process because the AJ rejected a motion filed by Poole's representative whom he engaged two days before the AJ issued her opinion. The representative sought an extension of time to amend Poole's appeal and to file a "brief" to support Poole's position that the agency acted in bad faith in effecting Poole's removal. This motion was mailed on February 2, 1994, and was received by the MSPB on February 3, 1994, the date on which the AJ issued her decision. The AJ rejected the submission because it was made after the close of the record (on January 3, 1994), and because there was no showing that Poole had new and material evidence which was not available prior to closing of the record. She also stated the motion was received after the initial decision issued.
 
 
 8
 Poole argues that his motion was received before the decision actually issued and that the motion should have been granted, given Poole's prior pro se status. We disagree. Poole was not automatically entitled to an extension of time merely because the motion was filed, even if the filing was made before the decision. As the AJ ruled, the motion was filed after the record closed and did not meet the requirements for reconsideration. The denial of Poole's appeal to the Board was also in order because as the Board stated it did not meet the similar criteria of 5 C.F.R. Sec. 1201.115. Poole's prior pro se status is immaterial to the inadequacy of the motion. Poole has failed to show any procedural error or denial of due process.
 
 
 9
 Poole also argues that federal statutes providing for appeal override any agreement he made in the "last-chance" agreement. Having failed to raise this argument before the AJ, Poole may not raise it for the first time on appeal. Meglio v. MSPB, 758 F.2d 1576, 1577 (Fed.Cir.1984). In any event, Poole fails to overcome our precedent upholding "last-chance" agreements. See McCall v. United States Postal Serv., 839 F.2d 664 (Fed.Cir.1988).