45 F.3d 444
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Vincent A. MALFITANO, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3488.
 United States Court of Appeals, Federal Circuit.
 Jan. 9, 1995.
 
 Before ARCHER, Chief Judge, LOURIE, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Vincent A. Malfitano petitions for review of the June 22, 1994 decision of the Merit Systems Protection Board, Docket Number DC-0752920605-I-1, dismissing for untimeliness his petition for review of a prior board decision. The prior decision dismissed Malfitano's appeal of his removal from the Department of the Navy pursuant to a settlement agreement. Because the board did not abuse its discretion in determining that Malfitano failed to show good cause for his delay in filing, we affirm.
 
 DISCUSSION
 
 2
 Malfitano appealed from an action of the Department of the Navy (agency) removing him from the position of intelligence operations specialist. During the pendency of his appeal, Malfitano and the agency entered into a settlement agreement, pursuant to which the Administrative Judge (AJ) dismissed his appeal. The dismissal decision advised Malfitano that the dismissal would become final on November 27, 1992 unless Malfitano filed a petition for review by that date or unless the board reopened the case on its own motion. Malfitano filed a petition for review on March 15, 1994.
 
 
 3
 The board required that Malfitano show good cause for his delay in filing. In response, Malfitano asserted that he misunderstood the terms of the settlement agreement and wished to adjudicate the merits of his appeal, that he had several misunderstandings with his attorney, and that he suffered from anxiety and depression following his removal.
 
 
 4
 The board held that Malfitano's assertion that he did not understand the terms of the settlement agreement did not explain why he could not file a timely appeal. Further, the board held that Malfitano's claim of mental and/or emotional impairment, unsupported by medical documentation, did not establish good cause for his untimely filing. Finally, the board held that Malfitano was responsible for any mistaken advice of his chosen representative. Because Malfitano failed to establish good cause for his untimely filing, the board dismissed Malfitano's petition for review. Malfitano now petitions this court for review of the board's dismissal.
 
 
 5
 "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 652 (Fed.Cir.1992) (in banc). We can reverse the grant or denial of such a waiver only if it was arbitrary, capricious, an abuse of discretion, unlawful, procedurally deficient, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703 (1988).
 
 
 6
 At the board, Malfitano did not submit evidence of his asserted mental illness, nor did he explain why this illness caused him to delay filing his petition for review. See Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650 (Fed.Cir.1992) (untimely petition was properly dismissed when no proof of alleged illness was offered). Furthermore, Malfitano's complaints regarding his attorney and the terms of the settlement agreement do not explain his delay. We cannot say that the board, after having considered the relevant facts and arguments presented, erred in concluding that Malfitano did not show that the circumstances alleged affected his ability to comply with the regulatory time limit.
 
 
 7
 Malfitano also asserts that he was never informed of his appeal rights to the board, that he was overseas in a foreign country, and that he was restricted from agency facilities that would have assisted him in timely filing his appeal. However, these arguments were not presented to the board and cannot be considered now for the first time on appeal. See Meglio v. Merit Sys. Protection Bd., 758 F.2d 1576, 1577 (Fed.Cir.1984) (petitioner cannot raise an issue for the first time at the Federal Circuit).