78 F.3d 603
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Hugh E. JACOBS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3756.
 United States Court of Appeals, Federal Circuit.
 Feb. 9, 1996.
 
 Before RICH, MICHEL, and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Hugh E. Jacobs appeals from the May 12, 1995 decision of the Merit Systems Protection Board (Board), No. PH-0831-95-0281-I-1, sustaining the reconsideration decision of the Office of Personnel Management (OPM), wherein the OPM adhered to its initial decision requiring that Jacobs' civil service annuity be recomputed to eliminate all credit for post-1956 military service. The Board's decision became final when, on July 21, 1995, the full Board denied Jacobs' petition for review, after which this appeal timely followed. The appeal was submitted for decision on February 2, 1996. Because the Board properly applied the civil service retirement laws to the evidence of record then before it, we affirm.
 
 DISCUSSION
 
 2
 Jacobs served in the United States Air Force from January 1951 to January 1955, and again from April 1955 to July 1973. From September 1973 to November 1990, Jacobs worked as a city carrier in Roanoke, Virginia, for the United States Postal Service. On November 29, 1990, Jacobs retired from the Postal Service, filing an annuity application with the Civil Service Retirement System (CSRS) on that same day.
 
 
 3
 Because Jacobs had not paid a deposit equaling 7% of his post-1956 military pay into the Civil Service Retirement and Disability Fund (Fund) before the OPM completed processing his annuity application on April 26, 1991, the OPM recomputed his annuity to exclude credit for post-1956 military service shortly after he became eligible for social security benefits in 1994. See 5 U.S.C. § 8332(j) (requiring deposit to preserve CSRS credit for post-1956 military service); 5 C.F.R. part 831 (implementing regulations). As a result of this recomputation, Jacobs' monthly CSRS payment fell from $1,832 to $967; the monthly social security benefit payment for which he became eligible was approximately $275.
 
 
 4
 In November 1994, Jacobs requested that the OPM reconsider its decision to recompute his CSRS annuity. According to Jacobs,
 
 
 5
 When I retired from the Postal Service ... it was my understanding that upon reaching the age of 62 that the combination of my Civil Service pay and Social Security pay would be reduced some because some of the years with the military could not be counted as federal time. In my wildest dream I could not imagine that the Civil Service pay would be cut practically in half and the Social Security benefits would be so small.
 
 
 6
 Importantly, Jacobs did not assert that the Postal Service failed to inform him at the time of his retirement that he could avoid the subsequent exclusion of post-1956 military service by making the necessary deposit to the Fund. The OPM adhered to its initial decision upon reconsideration, indicating that Jacobs "ha[d] not alleged, nor is there any indication in the record, that either the employing agency, or OPM misled [him] by providing erroneous information regarding [his] rights to make a deposit." In addition, according to OPM, Jacobs had not "claimed that [his] agency failed to notify [him] of the effect of non-payment of this deposit on [his] civil service annuity." The Board sustained the OPM's reconsideration decision, finding that "the record shows that [Jacobs] received the correct information" regarding the effect of a failure to make the 7% deposit to the Fund.
 
 
 7
 Jacobs appeals, contending, for the first time, that the Postal Service failed to inform him that he could avoid the exclusion of post-1956 military service from his CSRS annuity computation by making the necessary deposit to the Fund. First, nothing in the record before the Board or the OPM supports the substance of Jacobs' contention. Thus, while his latest contention may be true, Jacobs failed to discharge his burden of timely placing within the administrative record evidence sufficient to support a determination in his favor. Without this supporting evidence, timely entered, no such determination could have been made in the first instance or sustained on review. Second, as the government indicates in its brief, nothing in the record indicates that Jacobs raised the above contention before the Board or the OPM. As a result, we cannot consider it here upon review. Meglio v. Merit Sys. Protection Bd., 758 F.2d 1576, 1577 (Fed.Cir.1984).
 
 
 8
 Jacobs assigns no other error to the Board's decision, and we discern none. For the foregoing reasons, we affirm.