104 F.3d 376
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Frederick TALLIE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3256.
 United States Court of Appeals, Federal Circuit.
 Dec. 10, 1996.
Rehearing Denied Feb. 19, 1997.
 
 Before ARCHER, Chief Judge, LOURIE, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner Frederick Tallie appeals from a decision of the Merit Systems Protection Board, Docket No. NY-0752-96-0076-I-1, upholding his removal by the United States Postal Service. We affirm.
 
 BACKGROUND
 
 2
 Tallie was removed from his position as a custodial laborer with the Postal Service, effective March 11, 1995. In its notice of decision letter, the agency informed Tallie of the 30-day time limit for appealing his removal to the Merit Systems Protection Board. On November 20, 1995, Tallie appealed his removal to the Board. An administrative judge ordered Tallie to show either that his appeal was timely or that he had good cause justifying his untimeliness. Tallie responded by stating that his appeal was late because he had been in the hospital.
 
 
 3
 Because the record did not show when Tallie received the agency's notice of decision letter, the administrative judge ordered the parties to provide evidence concerning the date of its receipt. The judge informed the parties that, absent any evidence to the contrary, he would assume that Tallie received the letter five days after it was mailed. Furthermore, the administrative judge informed Tallie that his asserted hospital stay was not a sufficient justification for the apparent untimeliness of his appeal and directed Tallie to file further evidence showing that his appeal was either timely filed or that there was good cause for his delay. In response, Tallie failed to proffer any evidence regarding the date he received the letter; with regard to the issue of delay, Tallie argued only that the agency's representative had been harassing him.
 
 
 4
 Finding that Tallie had failed to show that his appeal was timely or that there was good cause for the delay, the administrative judge dismissed Tallie's appeal. Tallie petitioned the full Board for review of the administrative judge's decision, arguing for the first time that he had never received the agency's decision letter. The Board denied review, and Tallie then appealed to this court.
 
 DISCUSSION
 
 5
 On appeal, Tallie does not address the question of the timeliness of his appeal from the agency's removal action, which is the only issue properly before us. Instead, he alleges that he "was not fit to be in court" and that he "could not talk when [the] administ[ra]tive judge confront[ed]" him.
 
 
 6
 Before the administrative judge, Tallie's only asserted justifications for the untimeliness of his appeal were that he was in the hospital and that the agency representative was harassing him. Neither assertion, in that unelaborated form, provides a sufficient justification for the seven-month delay in filing his appeal. Nor did Tallie claim before the administrative judge that he did not receive the agency's decision letter on a timely basis, despite the administrative judge's explicit direction to him to address that issue. It was not until his petition for review before the full Board that Tallie claimed he had not received the agency's letter. His failure to raise that claim before the administrative judge forecloses him from raising it here. See Meglio v. Merit Sys. Protection Bd., 758 F.2d 1576, 1577-78 (Fed.Cir.1984). There is therefore no basis on which we can overturn the administrative judge's ruling that Tallie's appeal was untimely and that he failed to demonstrate good cause for his untimeliness.