NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.  The disposition will appear in tables published periodically.

# United States Court of Appeals for the Federal Circuit

05-3177

FLETCHER C. BROWN, JR.,

Petitioner

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED:  December 9, 2005

_____

Before MICHEL, Chief Judge, FRIEDMAN, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

The petitioner, Fletcher C. Brown, a former federal employee, challenges the decision of the Merit Systems Protection Board ("Board") that dismissed his appeal based upon a settlement agreement that was entered into the Board's administrative record.  The sole ground on which Brown challenges that decision is that the settlement agreement was ineffective because it was not signed by the parties.  We affirm the Board's decision.

I

The facts are undisputed. After the Department of the Army ("Army") removed its employee Brown, he appealed that action to the Board. At the opening of the hearing on October 13, 2004 before the Board's administrative judge, that official announced that the parties had reached a settlement, which the government's attorney read into the record. The settlement agreement contained sixteen paragraphs. It included provisions in which the Army agreed to change the action it had taken against Brown "from removal to resignation for personal reasons", and Brown to "withdraw with prejudice" his appeal to the Board and other litigation he had instituted.

After government counsel stated that he had "agree[d] to" the terms of the agreement read into the record, Brown (who is represented by counsel) stated, in response to questions by the administrative judge, that he had had an opportunity to discuss the terms with his counsel and that he "agree[d] to these terms." Brown's lawyer stated that he also "agree[d] to the terms of the agreement as read."

The administrative judge then stated:

I will accept this settlement agreement into the record, and I will dismiss the appeal based on that settlement. However, if the parties choose to supplement the record with a written settlement agreement, I will keep the record open through October 22, 2004."

At the close of the hearing, the administrative judge stated:

I'm making clear that I don't need a supplemental written agreement to settle the appeal.

I have accepted that the settlement as you've just agreed to as the settlement agreement, and I'm just allowing the parties the opportunity through the 22nd. If they want to supplement it with a written agreement that's consistent with those terms, that's fine.

But the case is settled based on the written agreement – I mean, based on the settlement agreement the parties just entered into the record. Okay?

At no point during the administrative hearing did Brown contend, or even suggest, that the agreement would not be effective unless and until the parties signed it.

In his initial decision dismissing the appeal because of the settlement agreement, the administrative judge stated:

> I have reviewed the agreement, and I am satisfied it is lawful on its face, it was freely reached by the parties, and the parties understand its terms. Accordingly, the agreement is enforceable by the Board and will be entered into the record.

Brown, represented by different counsel, filed with the full Board a petition to review the initial decision. He made various contentions, including the claim that the settlement agreement was ineffective because it had not been signed by the parties. The Board denied the petition for review, thus making the administrative judge's initial decision the final decision of the Board.

II

Brown contends that the settlement agreement was ineffective because it was not signed by the parties. Because Brown did not raise that issue before the administrative judge, it is not properly before us. "Where, as here, the Board denied review of the administrative judge's initial decision, this court will not consider issues not raised before the administrative judge." Elmore v. Dept. of Transportation, 421 F.3d 1339, 1342 (Fed. Cir. 2005). See Meglio v. Merit Sys. Prot. Bd., 758 F.2d 1576, 1577 (Fed. Cir. 1984).

In any event, Brown's challenge to the settlement agreement fails on its merits. "It is well-established that an oral settlement agreement is binding on the parties, particularly when the terms are memorialized into the record." Tiburzi v. Dept of Justice, 269 F.3d 1346, 1351 (Fed. Cir. 2001) (quoting Sargent v. Dep't of Health & Human Servs., 229 F.3d 1088, 1090 (Fed. Cir. 2000)). "[W]here the parties intend to enter into an oral agreement, it is binding on the parties even if its terms are not embodied in a subsequent written instrument." Id., 269 F.3d at 1352.

Here the proceedings before the administrative judge leave no doubt that the parties intended, and the administrative judge understood, the oral settlement to be binding. Although the administrative judge left the record open for nine days to permit the parties to sign an agreement (if they elected to do so), he also stated that "the case is settled based on the settlement agreement the parties just entered into the record," and that he was merely "allowing the parties that opportunity . . . to supplement it with a written agreement that is consistent with those terms." Although one sentence in the settlement agreement refers to "the date of his signature on this agreement" as the cut-off date for Brown's claims against the Army that the agreement settled, that statement does not trump the strong evidence in the record that the parties understood and intended that the unsigned settlement agreement disposed of this litigation. Brown never contended otherwise before the administrative judge, and he publicly stated (as did his attorney) that he agreed with the settlement terms read into the record. Brown has not directly challenged or refuted the Board's determination that the settlement agreement was "lawful on its face . . . freely reached by the parties, and the parties

understand its terms." The record does not support Brown's contention that the settlement was involuntary and thus invalid.

CONCLUSION

The decision of the Merit Systems Protection Board dismissing Brown's appeal because of the settlement agreement is

AFFIRMED.

No costs.