NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3282

ROBERT LIPPOLIS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: January 19, 2006

_____

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

PER CURIAM.

Robert Lippolis petitions for review of the decision of the Merit Systems Protection Board, No. NY0752040304-I-1, dismissing his appeal as untimely.[1] We affirm.

BACKGROUND

---

1  Lippolis v. Merit Sys. Prot. Bd., 2004 MSPB LEXIS 1697, No. NY0752040304-I-1 (Sept. 3, 2004) (initial decision); Lippolis v. Merit Sys. Prot. Bd., 2005 MSPB LEXIS 2417, No. NY0752040304-I-1 (May 20, 2005) (final decision).

The Federal Aviation Administration removed Mr. Lippolis from the position of Airway Transportation Systems Specialist, effective June 27, 2002. The agency sent its final decision dated May 20, 2004 to Mr. Lippolis in care of his representative, and also sent a "cc" copy of the decision directly to Mr. Lippolis. Both mailings were by certified mail, return receipt. The decision and covering letter reached Mr. Lippolis at his home address on May 27, 2004, and reached his representative on June 9, 2004, the delay apparently due to an incorrect zip code. Mr. Lippolis through his representative filed an appeal on July 9, 2004, thirty days after the receipt by his representative, but more than thirty days after receipt of the copy sent directly to Mr. Lippolis. See 5 C.F.R. §1201.22(b) (an appeal to the Board must be filed within thirty days of the effective date of the action being appealed or thirty days after receipt of the agency's decision, whichever is later).

The agency moved for dismissal of the appeal as untimely filed. By order dated August 5, 2004, the Administrative Judge ("AJ") notified Mr. Lippolis that he had to establish timeliness or good cause to waive the filing requirement. See §1201.22(c) (the appeal filing deadline may be waived if the appellant shows good cause for the delay in filing). Mr. Lippolis responded, through his representative, that the thirty day period was calculated based on the June 9, 2004 receipt by the representative.

The AJ held that the thirty days ran from the date that Mr. Lippolis first received the decision, citing Foley v. Dep't of Health & Human Servs., 84 M.S.P.R. 402, 404 (1999) for the position that the appeal time begins to run from the earlier of when the appellant or his designated representative receives the decision. The AJ held that Mr. Lippolis had not demonstrated good cause for the delay. Mr. Lippolis' petition for review by the full Board was denied, and this appeal followed.

DISCUSSION

The Board's refusal to waive delay in filing is reviewed to determine whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. §7703(c). "We have often stated that whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (*en banc*).

To establish good cause for an untimely filing, the appellant must establish that he exercised diligence and prudence under the circumstances. See Mendoza, 966 F.2d at 653. This court has endorsed the non-exhaustive list of factors for consideration of good cause as set forth in Alonzo v. Dep't of Air Force, 4 M.S.P.R. 180, 184 (1980):

> [Factors include] the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

See Yuni v. Merit Sys. Prot. Bd., 784 F.2d 381, 384 (Fed. Cir. 1986) (endorsing the Alonzo factors).

The AJ considered the Alonzo factors and held that Mr. Lippolis had not exercised due diligence or ordinary prudence sufficient to establish good cause for the delay. The AJ characterized the eleven-day delay as "not extensive," but found that Mr. Lippolis had received notice of the decision, that the notice contained straightforward instructions of the time for filing the appeal, and that there was no indication that Mr. Lippolis had been

confused by the notice. The AJ observed that Mr. Lippolis had been represented by an attorney and was bound by his attorney's incorrect view of the filing deadline, unless Mr. Lippolis could establish that he made diligent efforts to prosecute the appeal and that these efforts were thwarted without his knowledge by attorney deception or negligence. See Rowe v. Merit Sys. Prot. Bd., 802 F.2d 434, 437 (Fed. Cir. 1986) ("It is well settled that a person is bound by the consequences of his representative's conduct, which includes both his acts and omissions"); see also Dunbar v. Department of the Navy, 43 M.S.P.R. 640, 644 (1990) ("it is inappropriate to apply the principle that an attorney's actions should be attributed to his client when the client has proven that his diligent efforts to prosecute the suit were, without his knowledge, thwarted by his attorney's deceptions and negligence").

The AJ found no indication in the response to the order to show cause that Mr. Lippolis had timely contacted his attorney or sought guidance as to the time limit for filing his appeal. The AJ also found no indication that Mr. Lippolis had been misinformed or confused as to the deadline for appeal, and held that Mr. Lippolis had not established good cause for the untimely filing.

Mr. Lippolis stated in his petition to the full Board that upon receipt of the decision he did call his representative, but was informed that the representative was out of the office for two weeks. Mr. Lippolis further states that he nonetheless began gathering relevant documents in anticipation of an appeal to the Board, and that he considered the notice confusing and ambiguous because it did not explain that the earlier date of receipt of the decision would start the thirty day period. See Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1583 (Fed. Cir. 1994) (good cause was established because the notice was "subject to reasonable misinterpretation"). These arguments, however, were first made in his petition

05-3282                                        4

for review by the full Board, whereas before the AJ, Mr. Lippolis, through his attorney, merely asserted that they had in good faith relied on the date of attorney receipt. The MSPB argues that Mr. Lippolis was represented by counsel, and is bound by any miscalculation of the date, even if there were a legitimate basis for uncertainty as to which date applied. The MSPB points to its precedent which states that the earlier date applies. We discern no abuse of the Board's discretion, for Mr. Lippolis directly received the carbon copy of the letter and decision by certified mail, and the letter, which was addressed to him care of his attorney, clearly states that the time limit is thirty days from receipt of the decision. We conclude that the Board did not abuse its discretion in refusing to consider the arguments and assertions that were not presented to the AJ. These arguments were not "new and material evidence [that] despite due diligence, was not available when the record closed". 5 C.F.R. §1201.115(d).

Applying Meglio v. Merit Sys. Prot. Bd., 758 F.2d 1576, 1577 (Fed. Cir. 1984) ("Where petitioner fails to frame an issue before the presiding official and belatedly attempts to raise that same issue before the full board, and the board properly denies review of the initial decision, petitioner will not be heard for the first time on that issue in the Federal Circuit"), these new mitigating arguments are not subject to consideration in this court.