68 F.3d 488
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Tommy G. DAVIS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3395.
 United States Court of Appeals, Federal Circuit.
 Oct. 17, 1995.
 
 Before NEWMAN, MICHEL, and RADER, Circuit Judges.
 Opinion for the court filed by Circuit Judge MICHEL. Dissenting opinion filed by Circuit Judge NEWMAN.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Tommy G. Davis petitions for review of the October 25, 1994 initial decision of the Merit Systems Protection Board (MSPB or Board), No. DA-0752-94-0709-I-1, dismissing as untimely his appeal to the MSPB challenging his removal from service. The initial decision became the final decision when the majority of the Board denied review on March 1, 1995, with Chairman Ben L. Erdreich issuing a dissenting opinion. Because the Board's finding that Davis failed to show good cause for his delay of four days in filing his appeal is not arbitrary, capricious, an abuse of discretion, otherwise not in accordance with the law, or unsupported by substantial evidence, we affirm.
 
 BACKGROUND
 
 2
 By notice dated October 4, 1993, and delivered by certified mail on October 7, 1993, the United States Postal Service informed Davis of a proposal to remove him from his position, not earlier than 30 days after the date of the notice, based on a charge of failure to follow instructions resulting in absence without leave. The agency sent a decision notice dated November 1, 1993, stating that the charge was sustained, that Davis would be removed effective November 8, 1993, and that he had 20 days from the effective date to appeal his removal. Certified mail records indicated that the decision notice was returned because Davis had moved and the forwarding order had expired.
 
 
 3
 On a date not specified in the record, Davis challenged the proposal notice by filing a grievance under a collective bargaining agreement and eventually participated in arbitration requested by the union. The agency and the union settled the grievance at a pre-arbitration meeting on August 3, 1994. The settlement agreement contained an acknowledgement that the notice of proposed removal, effective November 8, 1993, was in effect as of August 3, 1994. It is undisputed that Davis received the decision notice at that time.
 
 
 4
 The Administrative Judge (AJ) found that the effective date of the removal action was August 3, 1994, that the final date for filing a timely appeal was 30 days after August 3, 1994, or Friday, September 2, 1994,[1] and that Davis' filing of his appeal on September 6, 1994 was untimely. The AJ issued an Acknowledgement Order informing Davis that his appeal was untimely and requiring that he show that his appeal was timely or demonstrate that good cause existed for the delay.
 
 
 5
 In response to the AJ's order, Davis claimed that 30 days from August 3, 1994 was Saturday, September 3, 1994. After noting that the next Monday, September 5, was a federal holiday, he asserted that his appeal was timely filed under the Board's regulations. The AJ found that the appeal was untimely and that Davis' carelessness in calculating the last date of his appeal period did not constitute good cause for the delay in filing. The AJ dismissed the appeal for untimely filing, and a majority of the Board denied review. Chairman Erdreich dissented on the grounds that under our decision in Walls v. Merit Sys. Protection Bd., 29 F.3d 1578 (Fed.Cir.1994), an appellant's confusion may be a basis for waiving the time limit for filing an appeal, and that Davis was "obviously confused by the incorrect appeal time limit provided to him in his decision letter."
 
 DISCUSSION
 
 6
 We consider the question of whether a party has demonstrated good cause for waiving the time limit for filing an appeal with the Board as one properly within the Board's discretion, and will not substitute our own judgment for that of the Board absent a decision of the Board that is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). See 5 U.S.C. Sec. 7703(c) (1994).
 
 
 7
 Initially, we dismiss Davis' argument that August 4, rather than August 3, 1994, should be the effective date of his removal because Davis did not argue this point before the AJ and therefore it was not properly before the Board or this court. See Meglio v. Merit Sys. Protection Bd., 758 F.2d 1576, 1577 (Fed.Cir.1984). Thus, the only issue before us is whether the Board's decision finding that Davis failed to show good cause for not meeting the time deadline for filing his appeal constitutes an abuse of discretion.
 
 
 8
 The Board may waive its time limit for filing an appeal of an agency action if the appellant demonstrates good cause for his filing delay by preponderant evidence. See 5 C.F.R. Sec. 1201.12 (1994); Walls, 29 F.3d at 1581. Appellant need not show that it was impossible to file timely, only that the delay was excusable where ordinary diligence or ordinary prudence had been exercised. Phillips v. United States Postal Service, 695 F.2d 1389, 1391 (Fed.Cir.1982). We have recognized a series of factors enunciated by the Board in Alonzo v. Department of the Air Force, 4 M.S.P.R. 180, 184 (1980), as relevant to the inquiry. These include (1) length of delay; (2) whether the appellant was aware of the time limit; (3) the existence of circumstances beyond his control which affected his ability to comply with the time limit; (4) the degree to which negligence by the appellant has been shown to be present or absent; (5) circumstances showing that the neglect was excusable; (6) the extent and nature of the prejudice to the agency which would result from waiver of the time limit. See Walls, 29 F.3d at 1582 (quoting Alonzo, 4 M.S.P.R. at 184).
 
 
 9
 Davis argues on appeal that his confusion is a valid excuse under our decision in Walls. We disagree. In Walls the appellant argued that he received ambiguous notice because the notice did not make clear that 20 days meant calendar days, rather than working days. Davis, however, clearly understood that he had 30 calendar days to file his appeal as he demonstrated in his response to the Board's Acknowledgement Order wherein he argued that Saturday, September 3, 1994 was 30 days from August 3, 1994. Unlike the appellant in Walls who incorrectly interpreted a notice that he argued was ambiguous, Davis made a careless mistake in counting the number of days in the month of August. Moreover, the record indicates that the union representative explained the notice to Davis. Thus, the type of "confusion" present in Walls where the appellant reasonably misunderstood the notice is absent here, and we cannot conclude that Davis' carelessness can constitute a "reasonable" excuse.[2] See Phillips, 695 F.2d at 1391 (carelessness not an adequate reason to explain why appellant's appeal was untimely filed).
 
 
 10
 Nor do we consider the absence of evidence of actual prejudice to the agency reason enough to reverse the Board's decision. Although under Alonzo prejudice to the agency is a relevant factor and the AJ did not discuss it, we cannot conclude that in all cases where the agency cannot show actual prejudice that the appellant has shown "good cause." To so rule would make a mockery of the rules and regulations for filing appeals. Similarly, we will not reverse the Board in this case for the AJ's minimal analysis of the delay per our holding in Walls that the minimal nature of delay is a factor in the appellant's favor. We conclude that the AJ did consider the minimal nature of the four day delay here but found it inexcusable in light of Davis' carelessness, and the fact that he actually received ten additional days to file due to the belated notice delivered by the agency and the interim change in regulations allowing 30 days rather than 20 days for appeal to the Board. See 59 Fed.Reg. 31109 (June 17, 1994) (codified at 5 C.F.R. Sec. 1201.22(b) (1995)).
 
 
 11
 Because the AJ's ruling that Davis failed to show good cause why his appeal was untimely filed was not arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence, and is in accordance with the law, we affirm the Board's dismissal for untimely filing.
 
 
 12
 PAULINE NEWMAN, Circuit Judge, dissenting.
 
 
 13
 I respectfully dissent. On August 3, 1994 Mr. Davis was given a notice of proposed removal which stated that the effective date was November 8, 1993 with 20 days in which to appeal. According to the notice, the time for filing an appeal had expired eight months earlier; an inaccurate position. There is no evidence that the agency ever met its obligation of advising Mr. Davis of his correct appeal rights and the applicable timing thereof; the agency does not argue otherwise. This of itself is a violation of required agency procedure. See 5 C.F.R. Sec. 1201.21.[1]
 
 
 14
 Despite this violation of the agency's obligation, Mr. Davis was but one business day late in his filing. Both the Board and the majority of this panel hold that this tardiness is fatal. The panel assumes that Mr. Davis somehow obtained the correct information and simply made a mistake in counting the days. Perhaps so; yet I doubt that this is fair justification for excusing the agency's failure to comply with the law, while supporting the agency's refusal to exercise its discretion to receive the appeal.
 
 
 15
 The MSPB has authority to waive late filing, for good cause shown. Indeed precedent, if it is to be respected and consistently applied, requires waiver in this case. Walls v. Merit Sys. Protection Bd., 29 F.3d 1578 (Fed.Cir.1994) requires that cognizance be taken of confusing information given to an appellant. The panel majority distinguishes Walls on the ground that Walls had been given ambiguous instructions whereas Davis knew what the time limit was and was careless in computing it. Walls was forgiven for misunderstanding that the twenty days set by notice were calendar days, not working days, despite the explanatory material that accompanied the notice. Walls was no less careless or confused than Mr. Davis; and in Walls' case there was no failure of the agency's obligation. Thus, in my view, good cause has been shown. See also Shiflett v. United States Postal Service, 839 F.2d 669 (Fed.Cir.1988) (Board abused discretion in refusing to accept appeal filed ten months late when agency failed to inform petitioner of appeal rights).
 
 
 16
 At issue is access to the appellate process, whereby employees may receive uniform and fair review on merit principles. Notice of one's rights to appeal is central to that access.
 
 
 17
 It is within the Board's discretion to accept the appeal, on these facts. The refusal to exercise that discretion, thus denying access to administrative and judicial review, is in this case an abuse of that discretion.
 
 
 
 [1]
 For actions effected in 1993 and early 1994, the time limit for filing an appeal of a removal action was 20 days after the effective date. See 5 C.F.R. Sec. 1201.22(b) (1994). On June 17, 1994, the Board amended its regulations to extend the filing time limit to 30 days after the effective date. 59 Fed.Reg. 31109 (June 17, 1994) (codified at 5 C.F.R. Sec. 1201.22(b) (1995)). Thus, Davis had 30 days to file an appeal when he received notice that his removal was effective on August 3, 1994
 
 
 [2]
 Chairman Erdreich dissented because he considered the notice, delivered to Davis for the first time at the pre-arbitration meeting on August 3, 1994 and stating that Davis was removed effective November 8, 1993, and that Davis had 20 days to appeal, confusing in the same way the notice in Walls, which did not specify whether calendar or working days were to be used in calculating the filing deadline, was confusing. We decline to apply Walls in this case where it is clear that Davis was in fact not confused and where the notice was explained to Davis. Here the issue is straightforward--whether a careless error without more is the type of excuse for untimely filing that constitutes "good cause."
 
 
 [1]
 Sec. 1201.21 Notice of appeal rights
 When an agency issues a decision notice to an employee on a matter that is appealable to the Board, the agency must provide the employee with the following:
 (a) Notice of the time limits for appealing to the Board, the requirements of
 Sec. 1201.22(c), and the address of the appropriate Board office for filing the appeal;
 (b) A copy, or access to a copy, of the Board's regulations;
 (c) A copy of the appeal form in Appendix I of this part; and
 (d) Notice of any right the employee has to file a grievance.