NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BETTEY S. CRAFT,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-2138

---

Petition for review of the Merit Systems Protection Board in No. AT-3443-19-0366-I-1.

---

Decided:  June 5, 2025

---

BETTEY SUE CRAFT, McDonough, GA, pro se.

STEPHEN FUNG, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before TARANTO, STOLL, and STARK, *Circuit Judges*.

PER CURIAM.

Bettey Sue Craft was injured while working for the U.S. Department of Defense (DoD) in 1983 and began receiving workers' compensation benefits from the U.S. Department of Labor's Office of Workers' Compensation Programs (OWCP). By her extensive account, submitted pro se at all stages, Ms. Craft had disputes over the years with both OWCP (relating, *e.g.*, to benefits owed or received) and DoD (relating, *e.g.*, to returning to employment), and she may have retired and ceased seeking reemployment years before initiating the present proceeding.

In 2019, Ms. Craft filed an appeal with the Merit Systems Protection Board (Board), naming DoD as "the agency that took the action or made the decision [she was] appealing." Respondent's Supplemental Appendix (hereafter "S. Appx.") 24. The Board-assigned administrative judge (AJ) construed Ms. Craft's arguments as challenges to OWCP's decisions regarding her entitlement to workers' compensation benefits and dismissed the appeal on the ground that the Board lacked jurisdiction over her appeal because it was precluded from reviewing OWCP's decisions by 5 U.S.C. § 8128. *Craft v. Department of Defense*, No. AT-3443-19-0366-I-1, 2019 WL 2017644 (M.S.P.B. Apr. 29, 2019) (*Initial Decision*); S. Appx. 9–18. Ms. Craft appealed to the full Board, further arguing, among other things, that she suffered reprisal for whistleblowing. The full Board affirmed, declining to review the whistleblower-reprisal claim as untimely and agreeing with the AJ that § 8128 precluded the Board from exercising jurisdiction over the remaining claims. *Craft v. Department of Defense*, No. AT-3443-19-0366-I-1, 2024 WL 2291937, at *1 (M.S.P.B. May 20, 2024) (*Final Order*); S. Appx. 1–8.

Ms. Craft appeals to this court. Because additional analysis is required for this court to decide even its own jurisdiction, much less the correctness of the Board's decision, we remand the matter for additional proceedings consistent with this opinion.

I

In January 1983, Ms. Craft was employed by the Defense Information Services Agency within DoD. S. Appx. 31. On January 8 of that year, she suffered a work-related injury and soon began receiving workers' compensation benefits through OWCP. S. Appx. 31.

On March 19, 2019, Ms. Craft filed an appeal to the Board, and in the appeal form, she named DoD as the agency that took the action or made the decision she was challenging. S. Appx. 24. In the section about what personnel actions she was appealing, Ms. Craft checked boxes for the following: (1) "Reduction in grade, pay, or band"; (2) "Failure to restore/reemploy/reinstate or improper restoration/reemployment/reinstatement"; (3) "Denial of within-grade increase"; and (4) "Other action (describe): 'Failure Recruitment/Relocation & Retention rule 5 CFR 531.214." S. Appx. 26 (cleaned up). Ms. Craft also attached significant briefing in support, in which she appears to challenge, among other things, various determinations seemingly made by OWCP, *e.g.*, a temporary termination of her benefits in 2005, a determination of her earnings for the purposes of calculating her benefits, a finding that she was at fault for creating an overpayment for a period, and a denial of her request for an oral hearing, alleged to be a due process violation. S. Appx. 54–65; *see also* S. Appx. 23–54, 66–85.

On April 29, 2019, the Board-assigned AJ issued an initial decision, whose reasoning takes less than two pages. *Initial Decision*, at 1–2; S. Appx. 9–10. The AJ noted that Ms. Craft had checked the just-noted four boxes on her initial appeal form but determined that Ms. Craft "named OWCP as the agency she is challenging" and that she was "challenging four specific OWCP determinations." *Initial Decision*, at 2 & n.2; S. Appx. 10 & n.2. Without further analysis, the AJ concluded that the Board lacked jurisdiction over OWCP's determinations and dismissed the

appeal. *Initial Decision*, at 1–2 (citing *Miller v. U.S. Postal Service*, 26 M.S.P.R. 210, 212–13 (1985) (citing 5 U.S.C. § 8128)); S. Appx. 9–10.

Ms. Craft filed a petition for review by the full Board on June 3, 2019. S. Appx. 86–110. She reiterated her arguments, S. Appx. 93–109, and further asserted that she had a "mixed case" appeal under 29 C.F.R. § 1614.302 and 5 C.F.R. § 1201.151, that OWCP's determinations constituted reprisal for whistleblowing, that she had been wrongfully subjected to a reduction in grade, and that the Information Services Agency of DoD had violated her reemployment rights, S. Appx. 86–90.

On May 20, 2024, the full Board issued a final order affirming the initial decision and adopting it as the Board's final decision. *Final Order*, at *1; S. Appx. 2. Like the AJ, the Board characterized all of Ms. Craft's arguments as concerning OWCP decisions and proceedings. *Id.* The Board held that "OWCP['s] decisions are final regarding an employee's entitlement to workers' compensation benefits, and the Board does not have jurisdiction over such claims." *Id.* (citing *Lee v. Department of Labor*, 76 M.S.P.R. 142, 146 (1997) (citing *Miller*, 26 M.S.P.R. at 213 (citing 5 U.S.C. § 8128))). It stated that Ms. Craft "ha[d] not submitted evidence" that any of the actions she was challenging "occurred outside of the OWCP proceedings." *Id.* Regarding the whistleblower-reprisal claim, the Board ruled that Ms. Craft failed to make this claim to the AJ and did not explain why she failed to do so, so it declined to consider the argument. *Id.*; S. Appx. 2–3.

Ms. Craft appealed to this court. The Board has not raised an issue about the timeliness of the appeal. But as we will discuss, there is an issue about this court's jurisdiction.

## II

If we have jurisdiction over Ms. Craft's appeal to us, we must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the Board's conclusions of law without deference and its factual findings for substantial-evidence support. *McIntosh v. Department of Defense*, 53 F.4th 630, 638 (Fed. Cir. 2022).

The Board treated its review authority as a matter of Board "jurisdiction." We decide de novo whether the Board correctly held that it lacked jurisdiction. *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1367 (Fed. Cir. 2020); *Vesser v. Office of Personnel Management*, 29 F.3d 600, 603 (Fed. Cir. 1994). Ms. Craft had the burden to make a nonfrivolous allegation that the Board had jurisdiction over her appeal; unless she met that standard, she was not entitled to a hearing. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1325 (Fed. Cir. 2006) (en banc); *see also Hessami*, 979 F.3d at 1367–68; *Cahill v. Merit Systems Protection Board*, 821 F.3d 1370, 1373 (Fed. Cir. 2016); *Johnston v. Merit Systems Protection Board*, 518 F.3d 905, 910–11 (Fed. Cir. 2008); *Campion v. Merit Systems Protection Board*, 326 F.3d 1210, 1215 (Fed. Cir. 2003).

There is a threshold issue of whether we have jurisdiction over Ms. Craft's appeal to this court—a different question from whether the Board had jurisdiction over her appeal to it—and we are dutybound to consider our own jurisdiction before any resolution of the merits of Ms. Craft's challenge to the Board's ruling on its jurisdiction. The question of this court's jurisdiction, however, is closely linked to the Board's rationale for concluding that it lacked

jurisdiction over Ms. Craft's non-whistleblower claims.[1]  In both respects, as we explain, we are impaired in our ability to reach a resolution by the combination of (a) the difficulty of parsing Ms. Craft's presentation to the Board in her initial appeal to match particular allegations to the components of the relevant legal standards and (b) the brevity of the Board's opinion and the AJ's opinion.  We explain why we need a significantly closer analysis from the Board, and we remand for further proceedings to supply such an analysis.

## A

In considering what is missing from the Board's analysis, it is useful to begin by noting a basic distinction between two kinds of requirements for the Board to have authority to hear a claim.  First, the claim must come within one of the affirmative grants of authority to the Board.  *See* 5 U.S.C. § 7701(a); *McCoy v. Merit Systems Protection Board*, 121 F.4th 204, 207 (Fed. Cir. 2024); *Synan v. Merit Systems Protection Board*, 765 F.2d 1099, 1100 (Fed. Cir. 1985); *see also* 5 C.F.R. §§ 1201.2, 1201.3.

---

[1]    This point does not apply to the Board's rejection of Ms. Craft's whistleblower claim—which it noted Ms. Craft is free to present separately in an individual right of action appeal.  *Final Order*, at *1 & n.3; S. Appx. 3 & n.3.  The Board rested that ruling on the familiar principle that a claimant generally may not, when seeking full Board review of an adverse AJ decision, newly present a claim that had not been presented to the AJ.  *See Bosley v. Merit Systems Protection Board*, 162 F.3d 665, 668 (Fed. Cir. 1998); *Meglio v. Merit Systems Protection Board*, 758 F.2d 1576, 1577 (Fed. Cir. 1984); *Carson v. Department of Energy*, 398 F.3d 1369, 1376 (Fed. Cir. 2005); *cf. Thomas v. General Services Administration*, 794 F.2d 661, 666 (Fed. Cir. 1986); *Synan v. Merit Systems Protection Board*, 765 F.2d 1099, 1101 (Fed. Cir. 1985).

Second, the Board's authority to hear the claim must not otherwise be precluded—as relevant here, it must not be precluded by a statutory bar on reviewability by the Board. Here, the Board rested its decision entirely on the second ground—that 5 U.S.C. § 8128 precludes review by the Board of OWCP decisions, because it precludes such review by any tribunal outside the Department of Labor.[2] The Board did not address the first requirement—whether Ms. Craft's claims (other than the whistleblower claim the Board deemed too late) came within an affirmative grant of authority to the Board.

The AJ recognized that in Ms. Craft's "initial appeal form, she checked the boxes for: (1) reduction in grade, pay, or band; (2) failure to restore/reemploy/reinstate or

---

[2]    5 U.S.C. § 8128 reads as follows:

(a) The Secretary of Labor may review an award for or against payment of compensation at any time on his own motion or on application. The Secretary, in accordance with the facts found on review, may—

(1) end, decrease, or increase the compensation previously awarded; or

(2) award compensation previously refused or discontinued.

(b) The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—

(1) final and conclusive for all purposes and with respect to all questions of law and fact; and

(2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

Credit shall be allowed in the accounts of a certifying or disbursing official for payments in accordance with that action.

improper restoration/reemployment/reinstatement; (3) denial of with[in]-grade increase; and (4) other action (describe): 'failure recruitment/relocation & retention rule 5 CFR 531.214.'" *Initial Decision*, at 2 n.2; S. Appx. 10 n.2; *see* S. Appx. 26 (initial appeal form). The Board, for its part, recognized that Ms. Craft also asserted in her petition for review that "she was subjected to a reduction in grade" and that "the agency violated her reemployment rights." *Final Order*, at *1 (citing S. Appx. 86–90); S. Appx. 2. The Board did not conclude that, among those identified agency actions, none could come within 5 U.S.C. § 7512 or some other category of matters within the Board's authority. Nor did the Board reject Ms. Craft's reduction-in-grade and reemployment claims as not having been properly presented to the AJ. *See Bosley*, 162 F.3d at 668; *Meglio*, 758 F.2d at 1577; *Carson*, 398 F.3d at 1376.

The AJ said that, in her initial appeal, Ms. Craft "indicates that she is appealing four decisions from OWCP" and that she "named OWCP as the agency she is challenging." *Initial Decision*, at 2 & n.2; S. Appx. 10 & n.2. But the named agency in Ms. Craft's appeal form is DoD, not OWCP, S. Appx. 24, as reflected in the caption before the Board, *see Final Order*. Moreover, among the above-listed actions are actions by DoD (her employing agency), not OWCP.

Considering Ms. Craft's "narrative statement accompanying the appeal form," the AJ concluded that it was "clear" from that narrative that she was "challenging four specific OWCP determinations." *Initial Decision*, at 2 n.2; S. Appx. 10 n.2. In a similar vein, the Board concluded that the identification of the employing agency's actions did not enable the Board to hear Ms. Craft's appeal because "she has not submitted evidence that any such actions occurred outside of the OWCP proceedings." *Final Order*, at *1; S. Appx. 2. It appears, in light of Ms. Craft's narrative, that both the AJ and the Board were concluding, as the key basis for their statutory-preclusion rulings, that DoD's own

employment actions (or inactions) were the result of OWCP's rulings on benefits (including receipt of overpayments) and that § 8128 precludes the Board from reviewing otherwise-reviewable agency actions where the actions relied on OWCP determinations and assessing the employing agency actions depends on assessing the OWCP determinations. But the AJ and Board did not accompany their brief assertions on this decisive point with a detailed analysis of Ms. Craft's pro se submission in her initial appeal (*i.e.*, her filing with the AJ) reciting the history and grounds of her claims at considerable length.

## B

That background allows identification of why more analysis is needed. We begin with the issue of this court's (not the Board's) jurisdiction. Under 5 U.S.C. §§ 7702(a)(1) and 7703(b)(2), this court, which ordinarily has jurisdiction to review a decision of the Board on a claimant's challenge to agency action, presumptively *lacks* such jurisdiction where two things are both true: (1) the agency action at issue is one that was appealable to the Board (on the assumption that the facts alleged by the claimant are true); and (2) before the Board, as part of the challenge to that agency action, the claimant included a claim that the challenged agency action violated one of certain enumerated anti-discrimination statutes, including section 717 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, and sections 12 and 15 of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 631, 633a. S*ee Perry v. Merit Systems Protection Board*, 582 U.S. 420, 430–32 (2017); *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012). That situation presents a "mixed case." 29 C.F.R. § 1614.302(a)(2). And the presumptive bar on this court's jurisdiction in such a case is an actual bar unless the claimant gives up any further pursuit of the statutory discrimination claim (in all possible forums, not just in this court). *Harris v. Securities*

*and Exchange Commission*, 972 F.3d 1307, 1317–18 (Fed. Cir. 2020).

Ms. Craft, in her Form 10 filed in this court, asserted that this is such a mixed case (alleging race, sex, disability, and age discrimination and citing Title VII) and that she is not giving up pursuit of her discrimination claims. ECF Nos. 3, 12. In response, the Board does not dispute that Ms. Craft presented discrimination allegations under relevant statutes before the Board. Rather, the Board's sole argument against this being a mixed case is that Ms. Craft is not challenging "an action which [she] may appeal to the [Board]," 5 U.S.C. § 7702(a)(1)(A), because the only actions she is challenging are actions by OWCP that are unreviewable pursuant to 5 U.S.C. § 8128. Respondent's Br. at 6–8; *see also id.* at 9–10. That assertion, as noted above, is just what the Board (and AJ) said in their very brief opinions as the basis for dismissing Ms. Craft's appeal to the Board.

The Board's opinion (like the AJ's) is too abbreviated for us to accept the conclusion—or, therefore, to resolve both the threshold issue of our jurisdiction over Ms. Craft's appeal to us and the issue of the Board's jurisdiction over the non-whistleblower claims. We flag some of the matters that need more attention, without purporting to be exhaustive and without prejudging the precise legal relevance of the matters noted, which is best assessed only when the record is better understood (or developed). We remand for the Board to conduct further analysis, and any needed additional proceedings. We recognize that there might be other grounds for Board decision not yet addressed by the Board, such as timeliness, *see* 5 C.F.R. § 1201.22, which the AJ noted but did not decide, *Final Order*, at *1 n.4; S. Appx. 3 n.4. We do not preclude the Board from addressing such grounds.

As noted above, Ms. Craft's initial appeal names DoD, not OWCP, as the agency whose actions she appeals, and the Board does not dispute that Ms. Craft is challenging

certain actions of DoD (or, indeed, that some such actions are within the Board's authority but for § 8128). Regarding her statutory discrimination assertions, it is not clear whether she alleged discrimination by OWCP, by DoD, or by both. We presume, without deciding (given the uncertainty of our jurisdiction), that the statutory bar on review of OWCP determinations outside the Department of Labor, given the language of § 8128, precludes review of statutory claims of discrimination by OWCP. Even if so, it is a separate question whether the provision precludes review of statutory claims of discrimination by DoD (which might be interlinked with or independent of discrimination by OWCP).

Discrimination aside, we presume, again without deciding (given the uncertainty of our own jurisdiction), that to the extent that Ms. Craft claims that OWCP determinations on workers' compensation benefits are incorrect and should be set aside by the Board, § 8128 bars Board review of those claims. *See, e.g.*, *Kerrigan v. Merit Systems Protection Board*, 833 F.3d 1349, 1353 (Fed. Cir. 2016); *Pueschel v. United States*, 297 F.3d 1371, 1374–77 (Fed. Cir. 2002); *Craft v. Merit Systems Protection Board*, 860 F. App'x 744, 746 (Fed. Cir. 2021) (non-precedential). But her claims on their face include claims directed to DoD actions. *See, e.g.*, S. Appx. 24, 61; S. Appx. 86–87. And it is not clear precisely how those claims depend on challenging OWCP determinations. The Board and AJ asserted such dependency in summary fashion, without clarifying explanation based on parsing of Ms. Craft's submission. *See Initial Decision*, at 2; S. Appx. 10; *Final Order*, at *1; S. Appx. 2. They also did not discuss cases addressing certain issues about the allocation of decisionmaking authority when Board authority and § 8128 may both be in the picture. *See, e.g.*, *Kerrigan*, 833 F.3d at 1353; *Pueschel*, 297 F.3d at 1377–78; *Minor v. Merit Systems Protection Board*, 819 F.2d 280, 283 (Fed. Cir. 1987).

Further, there is reason to doubt that § 8128 precludes review of assertions of constitutional violations. *See Pueschel*, 297 F.3d at 1374 (noting other circuits' decisions); *cf. Johnson v. Robison*, 415 U.S. 361, 367 (1974) (reading nonreviewability provision not to cover constitutional claims even without textual exceptions); *Cuozzo Speed Technologies, LLC v. Lee*, 579 U.S. 261, 275 (2016) (noting principle of *Johnson*). Here, one of Ms. Craft's challenges to an underlying OWCP ruling alleges an improper denial of an oral hearing (by OWCP, it appears). Respondent's Br. at 3; *see, e.g.*, S. Appx. 64 & n.120 (Ms. Craft alleging a violation of her "constitutional rights of due process" and citing the Fifth Amendment). That challenge (and potentially others) might constitute a constitutional claim of denial of due process, though not all assertions that invoke a constitutional label are cognizable constitutional claims, *see, e.g.*, *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999), and the opportunity to present oral testimony is not an invariable requirement of due process, *see, e.g.*, *Federal Deposit Insurance Co. v. Mallen*, 486 U.S. 230, 247–48 (1988).

The issues we have mentioned require further attention—in the form of careful examination and explanation of Ms. Craft's submission and of relevant legal standards. As already stated, we have not been exhaustive. Nor do we preclude the Board from reaching other potentially dispositive issues. At present, we cannot definitively decide our own jurisdiction or the correctness of the Board's decision.

## III

For the foregoing reasons, we remand the matter to the Board for further proceedings consistent with this opinion.

The parties shall bear their own costs.

**REMANDED**